UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHE W.,[1]

      **Plaintiff,**

      v.

**MARTIN J. O'MALLEY,**
**Commissioner of Social Security,**

      **Defendant.**

Case No. 1:22-cv-0670
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the applications of Plaintiff Che W. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying those applications.[2] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court the Court reverses the Commissioner's decision and remands the matter for further proceedings.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.

[2] Martin J. O'Malley, the Commissioner of Social Security, is substituted as Defendant in his official capacity. *See* Fed. R. Civ. P. 25(d).

1

I.      PROCEDURAL HISTORY

Plaintiff filed applications for disability insurance benefits and supplemental security income on March 17, 2018, and March 27, 2018, respectively, alleging that he has been disabled since August 17, 2016.  R. 107–10, 249–64. The applications were denied initially and upon reconsideration. R. 133–44, 148–53. Plaintiff sought a *de novo* hearing before an administrative law judge ("ALJ"). R. 157–59. ALJ Frederick Timm held a hearing on June 29, 2020, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 49–78. In a decision dated August 5, 2020, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from August 17, 2016, Plaintiff's alleged disability onset date, through the date of that decision. R. 29–43. That decision became final when the Appeals Council declined review on January 5, 2022. R. 1–6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On June 2, 2022, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 8.[3] On that same day, the case was reassigned to the undersigned. ECF No. 9. The matter is ripe for disposition.

II.     LEGAL STANDARD

  A.      Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000).  In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d

---

[3]The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). The United States Supreme Court has explained this standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see*, *e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of

social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ's decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a

4

comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518.

5

B.  **Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id*. at §§ 404.1509, 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. §§ 404.1520(e),

(f), 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III. ALJ DECISION AND APPELLATE ISSUES

Plaintiff was 43 years old on August 17, 2016, his alleged disability onset date. R. 41. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between that date and the date of the decision.  R. 32.

At step two, the ALJ found that Plaintiff's degenerative disc disease, diabetes mellitus, and peripheral neuropathy were severe impairments. *Id*.  The ALJ also found that the following conditions or impairments were not severe: low vision; cardiovascular condition; right foot condition; history of major depressive disorder, generalized anxiety, and alcohol abuse disorder R. 32–35.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 35–36.

At step four, the ALJ found that Plaintiff had the RFC to perform sedentary work subject to various additional limitations. R. 36–41. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work as a delivery route truck driver and street sweeper operator. R. 41.

At step five and relying on the testimony of the vocational expert, the ALJ found that a significant number of jobs—*e.g.*, jobs as an order clerk, a charge account clerk, and a document preparer—existed in the national economy and could be performed by Plaintiff. R. 41–43. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from August 17, 2016, his alleged disability onset date, through the date of the decision. R. 43.

Plaintiff disagrees with the ALJ's findings at steps three, four, and five and asks that the decision of the Commissioner be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings. *Plaintiff's Memorandum of Law,* ECF No. 15; *Plaintiff's Reply Brief*, ECF No. 17. The Commissioner takes the position that his decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 16.

**IV.    SUMMARY OF RELEVANT MEDICAL EVIDENCE**

On June 17, 2019, Seblewongel Bulcha-Debosse, M.D., Plaintiff's primary care physician, provided the following narrative letter:

> Please be advised that the above named, Che [W.], is a patient of my office. Che has Chronic Back pain; Herniated Discs, Diabetic Neuropathy and Neuropathic pain. Due to these medical conditions, Che has limitations in his ability [to] successfully fulfill job responsibilities of gainful employment. *Due to his chronic back pain and herniated discs, Che is unable to sit for extended periods of time. He is limited to 30-45 minutes of sitting or standing during one consecutive time period.* Che currently ambulates with a cane, therefore he is unable to walk for long distances.

R. 1538 (emphasis added).

On February 26, 2020, Dr. Bulcha-Debosse provided a similar narrative letter, stating as

follows:

> Please be advised that the above named, Che [W.], is a patient of my office. Che has Chronic Back pain; Herniated Discs, Diabetic Neuropathy and Neuropathic pain. He has recently been hospitalized and going for physical therapy.
> Due to these medical conditions, Che has limitations in his ability [to] successfully fulfill job responsibilities of gainful employment. *Due to his chronic back pain and herniated discs, Che is unable to sit for extended periods of time. He is limited to 30-45 minutes of sitting or standing during one consecutive time period.* Che currently ambulates with a cane, therefore he is unable to walk for long distances. His condition has not improved, therefore he is unable to fufill [sic] his job responsibilities.

R. 1537 (emphasis added).

## V. DISCUSSION

Plaintiff argues that substantial evidence does not support the ALJ's RFC determination for a limited range of sedentary work because, among other things, the ALJ failed to properly consider Dr. Bulcha-Debosse's opinions. *Plaintiff's Memorandum of Law*, ECF No. 15, pp. 25–28; *Plaintiff's Reply Brief*, ECF No. 17, pp. 5–6. This Court agrees.

A claimant's RFC is the most that the claimant can do despite his limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). At the administrative hearing stage, it is the ALJ who is charged with determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations.") (citations omitted). When determining a claimant's RFC, the ALJ has a duty to consider all the evidence. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). However, the ALJ need include only "credibly established" limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005); *see also Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) (stating that the ALJ has discretion to choose whether to include "a limitation [that] is supported by medical evidence, but is opposed by other evidence in the record" but "[t]his discretion is not unfettered—the ALJ

9

cannot reject evidence of a limitation for an unsupported reason" and stating that "the ALJ also has the discretion to include a limitation that is not supported by any medical evidence if the ALJ finds the impairment otherwise credible").

In addition, the ALJ's decision must include "a clear and satisfactory explication of the basis on which it rests" sufficient to enable a reviewing court "to perform its statutory function of judicial review." *Cotter*, 642 F.2d at 704–05. Specifically, the ALJ must discuss the evidence that supports the decision, the evidence that the ALJ rejected, and explain why the ALJ accepted some evidence but rejected other evidence. *Id*. at 705–06; *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 505–06 (3d Cir. 2009); *Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001) ("Although we do not expect the ALJ to make reference to every relevant treatment note in a case . . . we do expect the ALJ, as the factfinder, to consider and evaluate the medical evidence in the record consistent with his responsibilities under the regulations and case law."). Without this explanation, "the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Cotter*, 642 F.2d at 705; *see also Burnett,* 220 F.3d at 121 (citing *Cotter*, 642 F.2d at 705).

For claims filed after March 27, 2017,[4] the Commissioner's regulations eliminated the hierarchy of medical source opinions that gave preference to treating sources. *Compare* 20 C.F.R. §§ 404.1527, 416.927 *with* 20 C.F.R. §§ 404.1520c(a), 416.927c(a) (providing, *inter alia*, that the Commissioner will no longer "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources"). Instead, the Commissioner will consider the following factors when considering all medical opinions: (1) supportability; (2) consistency;

---

[4] As previously noted, Plaintiff's claims were filed on March 17 and 27, 2018.

(3) relationship with the claimant, including the length of the treating examination, the frequency of examinations, and the purpose of the treatment relationship; (4) the medical source's specialization; and (5) other factors, including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c).

The regulations emphasize that "the most important factors [that the ALJ and Commissioner] consider when [] evaluat[ing] the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section)." *Id*. at §§ 404.1520c(a), 416.920c(a). As to the supportability factor, the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id*. at §§ 404.1520c(c)(1), 416.920c(c)(1).  As to the consistency factor, the regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id*. at §§ 404.1520c(c)(2), 416.920c(c)(2).

The applicable regulations further require the ALJ to articulate his "consideration of medical opinions and prior administrative medical findings" and articulate in the "determination or decision how persuasive [he] find[s] all of the medical opinions and all of the prior administrative medical findings in [the claimant's] case record." *Id*. at §§ 404.1520c(b), 416.920c(b).

In the case presently before the Court, the ALJ determined at step four of the sequential evaluation that Plaintiff had the RFC to perform a limited range of sedentary work, as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), subject to the following additional limitations: no foot controls; never crawl or climb ladder, rope or scaffold; must avoid concentrated exposure to extreme cold; must avoid even moderate exposure to hazards; and requires a single point cane for balance and ambulation in excess of 500 feet.

R. 36. In reaching this determination, the ALJ found, *inter alia*, that Dr. Bulcha-Debosse's opinion was not persuasive, reasoning as follows:

> Primary care physician Seblewongel Bulcha-Debosse, M.D. provided narrative letters in June 2019 and February 2020. *She opined the claimant could sit or stand no more than 30 to 45 minutes at a time*, and noted that the claimant ambulated with a cane, which resulted in inability to walk for long distances. Dr. Bulcha-Debosse further opined the claimant had limitations in his ability to successfully fulfill job responsibilities of gainful employment and was unable to fulfill his job responsibilities (Exhibit 15F, pages 1-2).
>
> The assessment of Dr. Bulcha-Debosse is not persuasive. *Her assessment is unsupported by her own examination findings in the primary care records, and is also inconsistent with the preponderance of the other objective evidence in the record*. As discussed above, *the primary care progress notes and the podiatry progress notes generally document semi-reducible contracture of some toes, tenderness, and diminished sensation in the feet*. However, the claimant also exhibited normal range of motion and normal strength in the bilateral lower extremities (Exhibits 3F, 4F, 10F, 11F, 18F, 19F). *The pain management progress notes document findings including lumbar tenderness, spasms, and pain upon range of motion, as well as positive straight leg raising testing, some positive facet loading testing, and decreased sensation* (Exhibits 12F, 13F). *However, the limitations in the residual functional capacity above* to sedentary exertion with no use of foot controls, no crawling or climbing ladders, ropes, or scaffolds, the use of a cane for balance and ambulation in excess of 500 feet, and the environmental limitations above *adequately account for these findings*. Further, Dr. Bulcha-Debosse's statements that the claimant could not fulfill his job duties directly address the ultimate issue reserved to the Commissioner of Social Security. Thus, this evidence is inherently neither valuable nor persuasive, and pursuant to 20 CFR 404.1520b(c) and 416.920b(c), the undersigned will not provide any analysis about how this evidence was considered in the decision.

R. 40–41 (emphasis added).

Plaintiff challenges, *inter alia*, the ALJ's consideration of Dr. Bulcha-Debosse's opinions in this regard, arguing that the ALJ did not properly consider the regulatory factors and that the doctor's opinions are consistent with the record. *Plaintiff's Memorandum of Law*, ECF No. 15, pp. 25–26; *Plaintiff's Reply Brief*, ECF No. 17, pp. 5–6. Plaintiff further argues that the ALJ's failure to properly explain his rejection of Dr. Bulcha-Debosse's opinions precludes meaningful judicial review. *Id*.

Plaintiff's arguments are well taken. As set forth above, the ALJ simply summarized record evidence without explaining how that evidence is inconsistent with Dr. Bucha-Debosse's opinions. Notably, the ALJ implicitly conceded that the record evidence included findings of "lumbar tenderness, spasms, and pain upon range of motion, as well as positive straight leg raising testing, some positive facet loading testing, and decreased sensation[,]" but he merely stated, without explanation, that he "adequately accounted[ed] for these findings" in the RFC. R. 41. The ALJ simply did not explain how this evidence is inconsistent with Dr. Bulcha-Debosse's opinions. *Id*. Without that explanation, it is not clear to this Court why the mention of this evidence satisfies the requirement that the ALJ consider the factor of consistency. Fundamentally, the ALJ's failure to adequately explain how he considered the consistency factor in his evaluation of Dr. Bulcha-Debosse's opinions frustrates this Court's ability to determine whether substantial evidence supports the ALJ's evaluation, the RFC determination, and, ultimately, the ALJ's disability determination. *See Moldavsky v. Kijakazi*, No. CV 22-1447, 2023 WL 3570927, at *5 (E.D. Pa. May 19, 2023) ("Unclear from the ALJ's summary [of the medical evidence], though, is how this evidence does not support and is inconsistent with Dr. Magidenko's opinion. As such, more than a conclusory statement is needed in order to permit meaningful judicial review and to confirm that substantial evidence supports the ALJ's

13

opinion."); *Nicholas R. v. Kijakazi*, No. CV 22-04510, 2023 WL 3580837, at *7 (D.N.J. May 19, 2023) (remanding where, *inter alia*, "the ALJ failed to thoroughly discuss the purported inconsistency of Dr. Meza's opinion" and the ALJ's "conclusory and unsupported statements of inconsistency are insufficient for this Court to engage in a meaningful review"); *cf. Lawrence v. Kijakazi*, No. 22-CV-4995, 2023 WL 7129950, at *9 (E.D. Pa. Oct. 30, 2023) ("But [the ALJ] did not identify any alleged inconsistencies. General conclusions concerning the Plaintiff's RFC are not sufficient to satisfy the ALJ's obligation under § 404.1520c(b)(2) to explain how she considered the consistency of a medical opinion with the evidence from other sources in the record. Furthermore, the ALJ's decision 'puts the cart before the horse' by improperly treating Plaintiff's 'above-defined RFC' as a settled fact rather than something that was being shaped by the ALJ's consideration of each piece of evidence, including Dr. Dankmyer's opinion.").

This Court therefore concludes that remand of the matter for further consideration is appropriate.[5] Moreover, remand is appropriate even if, upon further examination of Dr. Bulcha-Debosse's opinions and the RFC determination, the ALJ again concludes that Plaintiff is not entitled to benefits. *Cf. Zuschlag v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-1949, 2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020) ("On remand, the ALJ may reach the same conclusion, but it must be based on a proper foundation."); *Jiminez v. Comm'r of Soc. Sec.*, No. CV 19-12662, 2020 WL 5105232, at *4 (D.N.J. Aug. 28, 2020) ("Once more, the ALJ did not provide an adequate explanation that would enable meaningful review, and the Court once more cannot determine what role lay speculation played in the ALJ's rejection of this detailed functional

---

[5] Plaintiff asserts other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of Dr. Bulcha-Debosse's opinions and the RFC determination, the Court does not consider those claims.

assessment from Dr. Marks."); *Cassidy v. Colvin*, No. 2:13-1203, 2014 WL 2041734, at *10 n.3 (W.D. Pa. May 16, 2014) ("Nevertheless, that the ALJ may have misinterpreted or misunderstood Dr. Kaplan's findings with regard to Plaintiff's postural activities does not absolve her of her error. Rather, it highlights the need for an ALJ to fully explain her findings. Otherwise, the district court is left to engage in this sort of speculation about how an ALJ arrived at her decision.").

## VI.   CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  February 14, 2024                              *s/Norah McCann King*
                                                      NORAH McCANN KING
                                              UNITED STATES MAGISTRATE JUDGE